**ZHENBANG WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73393.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Nov. 27, 2013.

Zhenbang Wang, pro se.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Deitz P. Lefort, Trial, Katherine Ann Smith, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

**MEMORANDUM** **

Zhenbang Wang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Wang claims he was persecuted because he photographed Falun Gong practitioners and collected pro-Falun Gong materials while on a trip in France, and mailed these materials to himself in China. Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies regarding where Wang saw the Falun Gong practitioners, why he mailed the Falun Gong materials to China, and the timing of his departure from France, as well as the implausibility of his account of developing and mailing the photographs. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Wang's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.2007). Without credible testimony, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Wang's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**